1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   JOHN COGER, COLLEEN COGER AND
     THE COGER INTERVIVOS TRUST,

11                     Plaintiffs,

12          v.
                                                    No. 2:23-cv-02985-TLN-CKD
13   NATIONWIDE AGRIBUSINESS
     INSURANCE COMPANY and DOES 1
14   TO 10 inclusive,
                                                    **ORDER**
15                     Defendants.

16

17

18

19

20          This matter is before the Court on Plaintiffs John Coger, Colleen Coger, and The Coger

21   Intervivos Trust's (collectively, "Plaintiffs") Motion for Remand and Request for Attorney's

22   Fees.  (ECF No. 11.)  Also pending before the Court is Defendant Nationwide Agribusiness

23   Insurance Company's ("Defendant") Motion to Dismiss.  (ECF No. 22.)  Both motions have been

24   fully briefed.  For the reasons set forth below, the Court DENIES Plaintiff's motion to remand

25   (ECF No. 11) and GRANTS Defendant's motion to dismiss (ECF No. 22).

26   ///

27   ///

28   ///

                                                   1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an insurance dispute between Plaintiffs and Defendant after a wildfire destroyed Plaintiffs' home in Paradise, California on November 8, 2018, in what has become known as the infamous Camp Fire.  (ECF No. 18 at 2–3.)

At the time of the fire, Plaintiffs' home was insured through a homeowners' policy with Defendant which had a $1,440,851 policy limit (the "Subject Policy").  (*Id*.)  Plaintiffs were insured for the "actual cash value" of their home, which covers "the cost to repair or replace Covered Property, at the time of loss or damage, whether the property has sustained partial or total loss or damage, subject to the deduction for deterioration, depreciation and obsolescence."  (*Id*. at 3.)  Plaintiffs filed a claim with Defendant after the fire, and Defendant informed Plaintiffs that, per the terms of the Subject Policy, Plaintiffs at the time were not entitled to the full value of their policy limit because the fair market value of their home, not including the land, had decreased to $998,000.00 following the fire.  (*Id*. at 4.)  Specifically, per the terms of the Subject Policy, Defendant was able to advance Plaintiffs $1,080,650.00, or 75% of the policy limit, but was "unable to issue any additional payments until the property is repaired or replaced and more than the amount [Defendant] ha[s] issued has been incurred."  (*Id*.)  On April 9, 2019, Defendant informed Plaintiffs that it would be issuing an additional payment of $65,890, but advised Plaintiff that this would be the final payment made by Defendant per the terms of the Subject Policy and closed Plaintiffs' claim.[1]  (ECF No. 18-3.)

On May 4, 2022, Plaintiffs sent another request to Defendant for unclaimed "Replacement Cost Value" benefits that Plaintiffs believed were owed to them under the Subject Policy.  (ECF No. 18-4 at 2.)  On October 5, 2022, Defendant denied Plaintiff's request as untimely.  (ECF No. 18 at 6.)

On October 6, 2023, Plaintiffs initiated this action in state court against Defendant for breach of contract.  (ECF No. 1 at 11.)  On November 16, 2023, Plaintiffs sent a letter to Defendant, informing Defendant of the lawsuit and requesting the additional $360,201.00 Plaintiffs believed they were owed under the Subject Policy.  (ECF No. 18 at 6.)  On November

---

[1]    Plaintiff attached the April 9, 2019, letter sent by Defendant to the FAC as Exhibit C.

2

22, 2023, Plaintiffs served the summons from the state court action on Defendant's agent for service of process.  (ECF No. 1 at 2.)

On December 21, 2023, Defendant removed the action from state court to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*Id.* at 1.)  After removing this action, Defendant learned for the first time that Defendant's agent never received a copy of the complaint from Plaintiff.  (ECF No. 20 at 2.)  On January 8, 2024, Plaintiffs filed the instant motion to remand, arguing Defendant's removal was untimely and improper.  (ECF No. 11.)  On January 18, 2024, Plaintiffs filed their First Amended Complaint ("FAC"), alleging the following three causes of action against Defendant: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) fraud.  (ECF No. 18.)  On February 1, 2023, Defendant filed the instant motion to dismiss, arguing Plaintiffs' claims are time barred.  (ECF No. 22.)  As discussed below, the Court intends to deny Plaintiffs' motion to remand.  Thus, the Court will first address Plaintiffs' motion to remand (ECF No. 11), before addressing Defendant's motion to dismiss (ECF No. 22).

**II.      MOTION TO REMAND**

A.      Standard of Law

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Diversity is determined at the time the complaint is filed and removal is effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  For diversity purposes, a corporation is a citizen of the state in which it is incorporated and any state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  An individual defendant's citizenship is determined by the state in which they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus*, 980 F.2d at 566).

B.   <u>Analysis</u>

In moving to remand, Plaintiffs argue Defendant's removal was untimely and improper. (ECF No. 11.)  Specifically, Plaintiffs argue that Defendant did not timely remove this action after being served.  (Id at 6.)   Alternatively, Plaintiffs argue that if the Court finds removal was timely, then the Court should still find removal was improper because Defendant removed this action prior to service.  (*Id.* at 7.)  Plaintiffs also request attorney's fees should the Court find in their favor.  (*Id.* at 13–15.)  In opposition, Defendant argues its removal was both timely and proper.  (ECF No. 20.)

*i.   Timeliness of Removal*

Under 28 U.S.C. § 1446(b)(1), a defendant's thirty-day window to remove a case to federal court does not begin to run until a plaintiff effects "formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

Plaintiffs argue they completed formal service on November 16, 2023, when they sent Defendant a letter regarding Plaintiffs' filing of the state court action. (ECF No. 11 at 6.) Defendant did not remove the instant action to this Court until December 21, 2023.  (ECF No. 1.) Plaintiffs argue Defendant went beyond the thirty-day removal period authorized by § 1446 because thirty-five days passed between service and Defendant's removal.  (ECF No. 11 at 7.)

4

In opposition, Defendant argues the thirty-day removal clock never started because Plaintiffs never formally served Defendant.  (ECF No. 20.)  Specifically, Defendant argues Plaintiff never effectuated formal service because neither Plaintiff's November 16, 2023, letter nor Plaintiff's "Notice of Service of Process," which Plaintiff served on Defendant's agent on November 22, 2023, included a copy of Plaintiff's Complaint.  (ECF No. 20 at 4.)

Because this action was originally filed in California state court, the Court looks to California law to determine whether Plaintiffs properly served Defendant.  *McGuinn v. City of Sacramento Police Dep't*, No. 2:13-cv-00740-JAM, 2013 WL 3804051, at *2 (E.D. Cal. July 19, 2013) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)).  California Code of Civil Procedure § 416.10(b) authorizes personal service upon a corporation only by serving a copy of the summons and complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

In the instant case, Plaintiffs concede that neither the November 16, 2023, letter nor the "Notice of Service of Process" contained a copy of their Complaint.  (ECF No. 11 at 7.)  While Defendant eventually retained a copy of Plaintiff's Complaint, "[t]he Supreme Court has explained that 'a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'"  *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) (quoting *Murphy*, 526 U.S. at 347–48).  Thus, the thirty-day removal clock does not begin to run until a defendant is "notified of the action, and brought under the court's authority by formal process."  *Murphy*, 526 U.S. at 347.  Given Plaintiffs never completed formal process on Defendant by providing Defendant with a copy of the Complaint pursuant to California Code of Civil Procedure § 416.10(b), the Court finds Defendant's removal was not and could not be untimely because the removal clock never started.[2]

---

[2]     Plaintiffs also argue Defendant's removal was untimely because Defendant's amended

1

*ii.   Whether Pre-Service Removal is Proper*

2

Next, Plaintiffs argue that, should the Court find Defendants have not been served, the

3

Court should still remand this case because pre-service removal is improper.  (ECF No. 11 at 11–

4

13.)  However, Plaintiffs fail to cite authority to support this proposition, and the Court is

5

unaware of any authority that holds a removal is invalid simply because it occurred prior to

6

service.

7

Indeed, district courts across the Ninth Circuit have held that a defendant may remove a

8

lawsuit before being served with either a complaint or summons.  *Rogers v. Washington Mut.*

9

*Bank*, No. 221CV2151JAMKJNPS, 2022 WL 396598, at *4 (E.D. Cal. Feb. 9, 2022) (finding

10

pre-service removal is proper under 28 U.S.C. Section 1441 so long as there is a federal question

11

or to complete diversity of the parties and amount exceeding $75,000); *Kuchta v. Nat'l R.R.*

12

*Passenger Corp.*, No. 22-CV-02198-JCS, 2022 WL 3650734, at *4 (N.D. Cal. Aug. 24, 2022)

13

(holding that because plaintiff brought his case in state court and named the defendant as a party,

14

the defendant "was entitled to remove the case under Section 1441(a) regardless of whether it had

15

been served at the time of removal"); *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No.

16

13-CV-0331-GPC-KSC, 2013 WL 3197071, at *10 (S.D. Cal. June 20, 2013) (stating that

17

defendant had standing to remove suit prior to being served because the case had been initiated in

18

state court); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214 (D. Haw. 2010) ("A complaint

19

need only be filed to be removable.").

20

Plaintiffs argue these cases are distinguishable in that "none of the plaintiffs affirmatively

21

withheld service until the complaint was ready for service" and "Plaintiffs should be allowed to

22

litigate the complaint they choose, not the version they are stuck with because the defendant

23

removed it before they could amend."  (ECF No. 11 at 12–13.)  Plaintiffs' argument is puzzling.

24

Specifically, Plaintiffs fail to explain how their desire to amend their complaint is a relevant

25

factor for removal under 28 U.S.C. § 1441(a).  Indeed, Plaintiffs filed their First Amended

26

Complaint ("FAC") on January 18, 2024.  (ECF No. 18.)

27

28

their Notice of Removal outside the thirty-day removal period.  (ECF No. 11 at 9–10.)  However, given the Court finds Plaintiffs never triggered the removal clock, Defendant's amendment of its Notice of Removal is irrelevant to the issue of timeliness.

1   As such, the Court sees no basis to depart from the reasoning of other district courts given
2   this action was pending in state court at the time of removal, it is undisputed this action involves
3   more than $75,000 in controversy, and there is complete diversity between the parties.  (ECF No.
4   21 at 1) ("Plaintiffs concede there is a jurisdictional basis for removal based on complete diversity
5   (California v. Iowa) and the amount in controversy (in excess of $75,000).").

6   Accordingly, the Court finds Defendant's pre-service removal was proper under 28 U.S.C.
7   § 1441 and DENIES Plaintiffs' motion to remand.

8   *iii.   Attorneys' Fees*

9   Plaintiffs also argue they are entitled to $13,125 in attorney's fees for bringing the instant
10   motion to remand.  (ECF No. 11 at 14.)  "An order remanding the case may require payment of
11   just costs and any actual expenses, including attorney fees, incurred as a result of removal."  28
12   U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under §
13   1447(c) only where the removing party lacked an objectively reasonable basis for seeking
14   removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In the instant case, the
15   Court finds there was an objectively reasonable bases for seeking removal because the Court has
16   found Defendant's removal was proper.  *Evans v. FCA US LLC*, No. 2:16-CV-01094-TLN-AC,
17   2018 WL 1940955, at *4 (E.D. Cal. Apr. 25, 2018) (denying attorneys' fees because removal was
18   proper).  Accordingly, the Court DENIES Plaintiffs' Request for Attorney's Fees.

19   **III.      MOTION TO DISMISS**

20   A.      Standard of Law

21   A motion to dismiss for failure to state a claim upon which relief can be granted under
22   Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th
23   Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim
24   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556
25   U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the
26   defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic v.*
27   *Twombly*, 550 U.S. 544, 555 (2007).

28   On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

1  *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every

2  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

3  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

4  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

5  relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

6         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

7  factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While

8  Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the

9  defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient

10  if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11  action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the

12  elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus,

13  "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

14  dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)

15  (citations omitted).

16         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

17  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

18  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

19  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

20  680.  While the plausibility requirement is not akin to a probability requirement, it demands more

21  than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  Only where a plaintiff

22  fails to "nudge [his or her] claims ... across the line from conceivable to plausible[,]" is the

23  complaint properly dismissed. *Id*. at 680 (internal quotations omitted).

24         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

25  amend even if no request to amend the pleading was made, unless it determines that the pleading

26  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130

27  (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

28    ///

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc*., 816 F.2d 482, 484 n.1 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, a complaint may not be dismissed unless it appears "beyond doubt" that plaintiffs can prove no set of facts that would establish the timeliness of the claim. *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998).

> B.    Analysis

Defendant argues the Court should dismiss Plaintiffs' FAC because all of Plaintiffs' claims are untimely and barred based upon the plain language of the Subject Policy.  (ECF No. 22.) Specifically, the Subject Policy requires that persons seeking to bring legal action against Defendant must file suit "*within two years* after the date on which the direct physical loss or damage occurred." (ECF No. 18-1 at 56) (emphasis added).  Defendant argues Plaintiffs' claims are time-barred because "[d]espite this two year suit limitation, [P]laintiffs belatedly filed this action on October 6, 2023, nearly five years after the loss or damage occurred, and more than four years after [Defendant] gave [P]laintiffs written notice that their claim was closed." (ECF No. 22 at 4.)

Plaintiffs make four arguments in opposition.  (ECF No. 24.)  First, Plaintiffs argue the two-year limitation does not apply because Defendant did not provide Plaintiffs with sufficient notice of the filing limitation.  (*Id*. at 8.)  Second, Plaintiffs argue their suit is timely based upon the four-year statute of limitations for contract claims.  (*Id*. at 11.)  Third, Plaintiffs argue California Judicial Council Emergency Rule 9 ("Emergency Rule 9") tolled the two-year contractual limitations period.  (*Id*. at 11–12.)  Fourth, Plaintiffs argue the Court should toll the limitation period due to "delayed discovery." (*Id*. at 12.)  The Court will address each of Plaintiffs' arguments in turn.

///

///

///

///

9

*i.  Notice*

Plaintiffs argue The Fair Claims Settlement Practices Regulations estop Defendant from asserting that Plaintiffs' claims are untimely because Defendant never informed Plaintiffs of the two-year contractual limitation.  (ECF No. 24 at 7–11.)  The Fair Claims Settlement Practices Regulations require insurers to inform insureds about applicable time limits relative to their claims.  *See* Cal. Code Regs., tit. 10, § 2695.4 ("No insurer shall misrepresent, conceal or fail to disclose to a first party claimant or beneficiary all benefits, coverages, time limits and other provisions of any insurance policy ...").  Plaintiffs argue the California Court of Appeals, applying § 2695.4, has held that insurers are equitably estopped from asserting a contractual limitation defense when the insured does not advise the insured of the limitations period.  (ECF No. 24 at 8) (citing *Spray, Gould & Bowers v. Associated Internat. Ins. Co.*, 71 Cal.App.4th 1260, 1263 (1999)).  According to Plaintiffs, Defendant's failure to give Plaintiff specific notice of the two-year contractual limitation should estop Defendant from relying on such a limitation based on *Spray*.  (*Id.*)

Defendant argues *Spray* and its progeny are inapplicable because their holdings only apply to instances where an insured's claim is denied by the carrier.  (ECF No. 28 at 8.)  By contrast, in the instant case, Defendant did not deny Plaintiffs' claim, rather Defendant reached a settlement with Plaintiffs regarding their claim and what they were entitled to under the Subject Policy as described in Defendant's April 19, 2019 letter to Plaintiffs.  (*Id.*)  According to Defendant, no regulation, statute, or case law requires an insurer in California to provide written notice of a contractual limitations period when the insurer reaches such settlements with its insured.  (*Id.*)  Specifically, Defendant cites the Standard for Prompt, Fair and Equitable Settlements, which provides that:

> Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a timely claim.

Cal. Code Regs., tit. 10, § 2695.7(f).  Additionally, the California Court of Appeals has found § 2695.7's reference to requiring written notice of "any statute of limitation or other time period

10

requirement" includes contractual limitations periods as well.  *Superior Dispatch, Inc. v. Ins. Corp. of New York*, 181 Cal.App.4th 175, 188–89 (2010).  Indeed, district courts in the Ninth Circuit have found that based upon the language of § 2695.7(f) an insurer is not estopped from asserting a statute of limitations or contractual limitations defense where an insurer settled a plaintiff's claim.  *See First v. Allstate Ins. Co.*, No. CV 98-3394 RJK, 2000 WL 33122757, at *4 (C.D. Cal. Dec. 20, 2000) ("It is undisputed that Plaintiffs' claim was settled by payment.  Allstate is not estopped from asserting the statute of limitations defense on this ground."); *see also SEMX Corp. v. Fed. Ins. Co.*, 398 F. Supp. 2d 1103 (S.D. Cal. 2005) (citing Cal. Code Regs., tit. 10, § 2695.7(f)) ([T]he California insurance regulations do not require Defendant to provide notice of limitations provision where a claim is settled.").

While Plaintiffs concede they received Defendant's April 9, 2019, letter, Plaintiffs argue their claim was never settled and "[a]t most was closed for the time being, awaiting further word about [Replacement Cost Value]" benefits under the Subject Policy.  (ECF No. 24 at 9.)  In response, Defendant argues Plaintiffs' contention is unsupported because the April 20, 2019, letter clearly states that Defendant settled Plaintiffs' claim and Plaintiffs' "claim is now closed." (ECF No. 28 at 8 (citing ECF No. 18-3).)  Defendant further argues Plaintiffs "have proffered no alternative explanation by which the term 'closed' is reasonably capable of meaning 'open.'"  *Id.*

The Court agrees with Defendant.  Plaintiffs offer no documentation or authority by which the Court could interpret the April 19, 2019, letter to mean Defendant did not issue final payment to Plaintiff and settle Plaintiff's claim.  Indeed, the April 9, 2019, letter explicitly states, "We're writing to let you know we settled your Farmowners claim and will be sending CVE Demolition a check for $65,890.00."  (ECF No. 18-3 at 2.)  Moreover, Plaintiffs do not cite, and the Court is unaware of, any authority where a court extended the holding in *Spray* to cases where an insurer accepts coverage and settles an insured's claim.

Therefore, in the face of § 2695.7(f) exemption for insurers from noticing insureds of the contractual limitations period and without any case law directly requiring such disclosure, the Court finds Defendant's failure to provide specific notice of the two-year contractual limitations period to Plaintiffs does not estop Defendant from asserting Plaintiff's claims are untimely.

11

*ii.   Four-Year Limitation Period*

Next, Plaintiffs argue that even if the April 9, 2019, letter closed their claim, their lawsuit is still timely because "the Complaint was filed within the four-years of April 9, 2019 pursuant to Code of Civil Procedure § 337." (ECF No. 24 at 11.)  In response, Defendant argues that the Subject Policy's two-year contractual limitations period is enforceable and favored under California Law over Code of Civil Procedure § 337's general four-year limitations period for contract claims.  (ECF No. 28 at 9.)

Specifically, Defendant cites California Insurance Code § 2071 ("§ 2071"), which applies to insurance policies that provide coverage for losses caused by fire and states: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."  Based upon § 2071 and the language in the Subject Policy, Defendant argues Plaintiffs had two years to bring this action, not four years. (ECF No. 28 at 10.)

The Court agrees with Defendant.  In *Prudential–LMI Com. Insurance v. Superior Court*, the California Supreme Court held that it was the specific intent of the California Legislature to provide a shortened limitation for insureds to sue on fire policies under California Insurance Code § 2071, despite the four-year limitations period for other contractual disputes under Code of Civil Procedure § 337.  51 Cal. 3d 674, 691 (1990) ("[W]e conclude the Legislature's intent to provide insureds with a full year (excluding the tolled period) in which to commence suit can be inferred from the fact that the period provided by section 2071 is considerably shorter than the usual four years for ordinary contracts (Code Civ. Proc., § 337) ...."); *see also Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1148 (2001) (stating the "ordinary" statute of limitations period for breach of contract is four years; "[i]nsurance claims for property damage, however, have a one-year limitation period.").

Moreover, where, as in the instant case, the policy insures against other perils as well as fire loss, the terms of policy may vary if the coverage provided is equivalent or more favorable to the insured.  (Ins. Code, § 2070; *Fire Ins. Exchange v. Superior Court* 116 Cal.App.4th 446, 459

12

(2004)).  Thus, California Courts have found the inclusion of a two-year limitation period does not violate § 2071, as it is more favorable to the insured.  *Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins Ins. Exch.*, 132 Cal. App. 4th 1076, 1085 n. 9 (2005).

In contrast, Plaintiff provides no authority which explains why this Court should disregard the Subject Policy's two-year limitation period and instead apply Code of Civil Procedure § 337's general four-year limitations period for contract claims.  Indeed, [s]uch a covenant shortening the period of limitations is a valid provision of an insurance contract and cannot be ignored with impunity …."  *Prudential-LMI*, 51 Cal. 3d at 691 (quoting Fageol T. & C. Co. v. Pacific Indemnity Co., 18 Cal. 2d 748, 753 (1941)).  Thus, given the clear preference in California Courts to apply a shortened limitation period for insureds to sue on fire policies over Code of Civil Procedure § 337's general four-year limitations period for contract claims, the Court finds Code of Civil Procedure § 337's general four-year limitations period for contract claims does not apply to the instant action.

### iii.   Emergency Rule 9

Next, Plaintiff argues Emergency Rule 9, which tolled the statute of limitations on all civil actions for 178 days in light of the COVID-19 pandemic, tolls the period of limitations in this action.  (ECF No. 24 at 11.)  However, Defendant argues, regardless of 178 tolling days not being enough time to make Plaintiffs' claims timely, Emergency Rule 9 is inapplicable because it governs statutes of limitations, not contractual limitations.  (ECF No. 28 at 10–12.)  The Court agrees with Defendants.

Emergency Rule 9 states, "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  *Judicial Council of Cal., Emergency Rules Related to COVID-19*, Rule 9.  The Judicial Council Advisory Committee Comment states that "Emergency [R]ule 9 is intended to apply broadly to toll *any statute of limitations* on the filing of a pleading in court asserting a civil cause of action."  *Judicial Council of Cal., Advisory Comm. Comment to Emergency Rule 9* (emphasis added).  Plaintiffs fail to cite to any authority supporting the application of Emergency Rule 9 applies to contractual limitations.  In contrast, in *Scollard v. State Farm Gen. Ins. Co.*, the court

13

found a "common sense" interpretation of Emergency Rule 9 and its Comment does not support a finding that Emergency Rule 9 applies to contractual limitations.  No. CV 21-06145 PSG PVC, 2023 WL 5543975, at *6 (C.D. Cal. July 7, 2023) ("Rule 9 clearly specifies that 'statutes of limitations' are tolled, 'notwithstanding any other law.") (quoting Emergency Rule 9).

Thus, in the absence of any authority applying Emergency Rule 9 to contractual limitations, the Court cannot find that Emergency Rule 9 tolled Plaintiffs' filing limitation.

### iv.   Delayed Discovery

Finally, Plaintiffs argue the contractual limitation period for their claims should be tolled based upon the delayed discovery rule.  (ECF No. 24 at 12.)  Pursuant to the "delayed discovery rule," the accrual of a cause of action is postponed until the "plaintiff discovers, or has reason to discover, the cause of action."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  To invoke the "delayed discovery" rule, a plaintiff must plead facts which show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010) (quoting *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 296 (1978)).

In the instant case, Plaintiffs allege they were not aware of their potential claims against Defendant until 2022 when Plaintiffs' attorney discovered Defendant allegedly "shorted" Plaintiffs $360,201.00 under the terms of the Subject Policy.  (ECF No. 24 at 12.)  However, a plaintiff is "charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] supervision."  *Fox*, 35 Cal. 4th at 807–08.  "An insured who is aware of the essential facts cannot toll the statute of limitation by contending that he only belatedly discovered his policy might provide coverage because knowledge of the facts, rather than knowledge of the available legal theories or remedies, starts the state of limitations."  *Love v. Fire Ins. Exchg.*, 221 Cal. App. 3d 1136, 1143 (1990).  Because Plaintiffs were in possession of the Subject Policy and its terms since the policies inception and were aware since April 9, 2019, that Defendant closed their claim, the Court finds that reasonable diligence would have enabled Plaintiffs to discover Defendant's alleged wrongdoing.

Accordingly, the Court GRANTS Defendant's motion to dismiss (ECF No. 22) because Plaintiffs' claims are untimely and barred by the Subject Policy's two-year limitation period. Although the Court finds Plaintiffs failed to state a timely claim on the face of their FAC and has serious doubts regarding Plaintiffs' ability to cure this deficiency, the Court will give Plaintiffs an opportunity to amend based on the liberal standard in favor of granting leave to amend. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and request for leave should be granted with extreme liberality.").

## IV.     CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion to Remand (ECF No. 11) and GRANTS Defendant's Motion to Dismiss (ECF No. 22) with leave to amend. Plaintiffs may file an amended complaint not later than thirty (30) days for the electronic filing date of this Order.  Defendant's responsive pleading is due twenty-one (21) days after Plaintiffs file their amended complaint.  If Plaintiffs opt not to file an amended complaint, the Court will dismiss this action and close the case.

IT IS SO ORDERED.

Date:  August 5, 2024

Troy L. Nunley
United States District Judge

15